IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KEITH E. DAVIS,

          Plaintiff,

v.                                CIVIL ACTION NO. 2:21-cv-00588

WVU MEDICINE/CAMDEN CLARK MEDICAL CENTER, et al.,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Defendants Westbrook Health Services, Inc.'s, James Yoder's, and Camden-Clark Memorial Hospital Corporation's motions to dismiss. (ECF Nos. 13, 17.)

By Order dated November 4, 2021, this matter was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R"). (ECF No. 3.) On July 7, 2023, Magistrate Judge Tinsley filed a PF&R recommending that this Court dismiss Plaintiff's suit for lack of subject-matter jurisdiction. (ECF No. 28.) Plaintiff filed timely objections on July 18, 2023.[1] (ECF No. 29.)

---

[1] Plaintiff then filed duplicate objections on July 20, 2023, after realizing the first set was not signed. (ECF No. 30-1.) However, because there is no difference between the two filings save the signature, the Court will reference only the July 18 objections.

1

For the reasons more fully explained below, the Court **OVERRULES** Plaintiff's objections, (ECF Nos. 29, 30), **ADOPTS** the PF&R, (ECF No. 28), and **DISMISSES** this action **WITHOUT PREJUDICE**.

## I. BACKGROUND

A detailed recitation of the extensive facts of this action can be found in Magistrate Tinsley's PF&R, (ECF No. 28), and need not be repeated here. The Court will discuss any relevant facts as needed to resolve Plaintiff's objections.

## II. STANDARD OF REVIEW

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a plaintiff "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In reviewing those portions of the PF&R to which Plaintiff has objected, this Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

### III. DISCUSSION

Plaintiff lodges a handful of objections to the PF&R. (ECF No. 29.) The objections are verbose, overlapping, and at times difficult to comprehend. Some objections are thus consolidated for clarity. Each are addressed below.

#### A.

Federal courts—including this Court—are courts of limited subject-matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). That is, "[t]hey possess only that power authorized by Constitution and statute." *Id.* Federal courts therefore presume "that a case lies *outside* [their] limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (emphasis in original); *see also Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 10 (1799). Jurisdiction is vested in the courts by Congress, *Kontrick v. Ryan*, 540 U.S. 443, 452 (2004), and it cannot "be expanded by judicial decree." *Kokkonen*, 511 U.S. at 377 (citing *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6 (1951)). Importantly, the party asserting jurisdiction carries "[t]he burden of proving subject matter jurisdiction." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). If the proponent fails to carry this burden, causing a want of subject-matter jurisdiction, the case must be dismissed. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed. R. Civ. P. 12(h) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiffs seeking access to the federal courts have two ways of establishing subject-matter jurisdiction. The first is through diversity jurisdiction. *See* 28 U.S.C. § 1332. Diversity jurisdiction exists when: (1) the case is "between . . . citizens of different States" *and* (2) the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." §

1332(a). Importantly, § 1332's residency requirement demands complete diversity of the parties, meaning "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original). Otherwise, there is no diversity jurisdiction. *See id.*

The second means of accessing federal courts is through federal question jurisdiction. *See* 28 U.S.C. § 1331. Federal question jurisdiction confers subject-matter jurisdiction on courts when any claim "aris[es] under the Constitution, laws, or treaties of the United States." *Id.* There are two ways a case may "aris[e] under" federal law. *W. Va. State Univ. Bd. Of Governors v. Dow Chem. Co.*, 23 F.4th 288, 307 (4th Cir. 2022). Typically, this is done by asserting a federal cause of action. *Id.* (citing *Am. Wells Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("A suit arises under the law that creates the cause of action.")). Alternatively, litigants may, in a "special and small category" of cases, *Empire Healthchoice Assurance, Inc., v. McVeigh*, 547 U.S. 677, 699 (2006), trigger federal question jurisdiction by showing that their state-law claim "necessarily depends on resolution of a substantial question of federal law." *Mayor & City Council of Balt. v. BP P.L.C.*, 31 F.4th 178, 208 (4th Cir. 2022) (quoting *Burrell v. Bayer Corp.*, 918 F.3d 372, 380 (4th Cir. 2019)).

B.

Plaintiff asserts that this Court has subject-matter jurisdiction over his case. (ECF No. 29 at 3.) The Court disagrees. Plaintiff has not provided a basis for exercising jurisdiction here, and his case must therefore be dismissed.

First, there is no diversity jurisdiction. Plaintiff is a West Virginia citizen. (ECF No. 2-14.) So are all the Defendants. (*Id.*) Thus, the parties are citizens of the same state—meaning

4

there is no diversity of citizenship—and the Court cannot exercise diversity jurisdiction. *Navy Fed. Credit Union v. LTD Fin. Servs., LP*, 972 F.3d 344, 352 (4th Cir. 2020) (explaining that, when diversity jurisdiction is asserted, "no plaintiff may share a [State] citizenship with any defendant").

Second, there is no federal question presented. In his Civil Cover Sheet, Plaintiff indicated he is bringing state-law tort claims. (ECF No. 2-14.) Those, of course, arise under West Virginia law, not federal law. Also, Plaintiff has not indicated or otherwise explained how his state-law claims present substantial federal questions, such that a federal forum is needed to adjudicate them. *See generally Dagostine v. Pendleton*, No. 2:22-cv-00220, 2022 WL 16950281 (S.D. W. Va. Nov. 15, 2022). The Court notes, however, that Plaintiff did mention 38 U.S.C. § 7316 in his complaint. That statute unfortunately pertains only to suits against the United States, and the federal government is not a party here. *See id.* Because of that, 38 U.S.C. § 7316 has no bearing on the instant dispute, and it cannot serve as a predicate for jurisdiction.

### C.

Plaintiff resists this conclusion, offering several alternative reasons why this Court has jurisdiction. None are persuasive.

He first argues that the Court can hear his case using supplemental jurisdiction. (ECF No. 29 at 3.) This argument fails because the Court cannot exercise supplemental jurisdiction without first having original jurisdiction (*i.e.*, diversity or federal question jurisdiction). 28 U.S.C. § 1367(a). In other words, "[w]hen the root is cut, the branches fall." *Kokinda v. Foster*, No. 3:21-cv-00154, 2023 WL 2616102, at *3 n.3 (N.D. W. Va. Mar. 23, 2023). Since this Court lacks original jurisdiction over Plaintiff claims, it cannot exercise supplemental jurisdiction.

5

Plaintiff next argues that jurisdiction is proper because his "case rises to a constitutional level." (ECF No. 29 at 4.) Specifically, Plaintiff claims that his case raises Fourth Amendment claims and thus poses a federal question. (*Id.*) This fails for two reasons. First, it ignores the well-pleaded complaint rule. "Jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Pressl v. Appalachian Power Co.*, 842 F.3d 299, 302 (4th Cir. 2016) (internal quotation marks omitted); *see also Burrell*, 918 F.3d at 381 (noting that, "[u]nder the well-pleaded complaint rule, [the Court's] § 1331 inquiry is limited to the plaintiff's" complaint). Plaintiff did not plead a Fourth Amendment claim in his complaint, nor has he sought leave to amend. He therefore has not properly plead a Fourth Amendment claim sufficient to trigger this Court's original jurisdiction. Second, well-pleaded complaint rule aside, this Court is not required to entertain new claims raised for the first time in objections to a PF&R. *Cf. Sample v. Ballard*, 860 F.3d 266, 275 (4th Cir. 2017) ("[T]here [is] no obligation for . . . district court[s] to hear . . . new claims made by [litigants] in [their] objections to . . . PF&R[s]."). The Court declines to do so here.

Plaintiff ends with a novel argument in favor of jurisdiction: that the Defendants kidnapped him. (ECF No. 29 at 4.) This objection amounts to nothing more than a generalized grievance about how the Defendants treated him and in no way supports a finding that jurisdiction is proper.[2]

## IV. CONCLUSION

For these reasons, the Court **ADOPTS** the PF&R, (ECF No. 28), **OVERRULES** Plaintiff's objections, (ECF Nos. 29, 30), and **DISMISSES** this case **WITHOUT PREJUDICE**.

---

[2] Plaintiff also objects to the PF&R considering statements made in his more definite statement. (ECF No. 29 at 2.) This objection is puzzling because Plaintiff never docketed a more definite statement for the Court to consider. In any event, though, this objection is meritless because the Court's inquiry is trained on the complaint and the complaint alone.

6

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 14, 2023

THOMAS E. JOHNSTON, CHIEF JUDGE