**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

KEITH E. DAVIS,

                    Plaintiff,

v.                                     CIVIL ACTION NO.   2:21-cv-00588

WVU MEDICINE/CAMDEN CLARK MEDICAL CENTER, et al.,

                    Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Keith Davis' ("Plaintiff") motion to alter or amend judgment.   (ECF No. 32.)   For the reasons more fully explained below, the motion is **DENIED**.

*I.       BACKGROUND*

Plaintiff filed this personal injury action on November 3, 2021.   (ECF No. 2.)   He brought only state-law claims against a host of medical providers, some if not all of whom are West Virginia residents.   (*Id.* at 1–10.)   The Court dismissed the case by Memorandum Opinion and Order on August 14, 2023, finding that the Court lacked subject-matter jurisdiction.   (ECF No. 31.)

Plaintiff filed a motion to alter or amend this judgment on August 24, 2023.   (ECF No. 32.)   Defendant WVU Medicine/Camden Clark Medical Center filed its response in opposition on September 8, 2023, (ECF No. 33), and Defendants Westbrook Health Services and James Yoder

1

filed their joint response in opposition on September 18, 2023, (ECF No. 34).   Plaintiff did not file a reply.   The matter is now ripe for adjudication.

## II.   LEGAL STANDARD

Rule 59(e) of the Federal Rules of Civil Procedure allows district courts to alter or amend a judgment post-entry.   In the Fourth Circuit, a judgment may be altered or amended in only three narrow circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence; or (3) to correct a clear error of law or prevent manifest injustice.   *Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 246 (4th Cir. 2020).   Rule 59(e) essentially "permits a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'"   *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (*Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)).   That said, Rule 59(e) "is an extraordinary remedy which should be used sparingly."   *Id.* Mere disagreement with the district court is no reason to move to alter or amend a judgment. *Hutchinson v. Staton*, 994 F.2d 1076, 1081–82 (4th Cir. 1993).

## III.   DISCUSSION

Plaintiff's motion fails because he has not identified any reason to alter the Court's prior judgment.   Although he contends the Court committed clear error in finding it lacked subject-matter jurisdiction,[1] the Court disagrees.   In that prior ruling, the Court found that it lacked subject matter-jurisdiction over this case because (1) the complaint presented no federal question and (2) the parties were not diverse.   (ECF No. 31 at 4–5.)   That holds true today.

---

[1] Plaintiff does not argue that there has been an intervening change in law on subject-matter jurisdiction, nor does he say there is newly discovered evidence that warrants reopening the case.   (*See* ECF No. 32.)

Plaintiff offers a few reasons to the contrary, none of which can save the day.  First, he says the Court has subject-matter jurisdiction because he "ha[s] given this [C]ourt complete jurisdiction of this case."  (ECF No. 32 at 2.)  Litigants, however, cannot confer subject-matter jurisdiction upon federal courts.  *City of Indianapolis v. Chase Nat'l Bank of City of N.Y.*, 314 U.S. 63, 69 (1941).  Federal courts can only hear those limited classes of cases Congress allows. *Dagostine v. Pendleton*, No. 2:22-cv-00220, 2022 WL 16950281, at *2 (S.D. W. Va. Nov. 15, 2022) ("Jurisdiction is vested in the courts by Congress, and it cannot be expanded by judicial decree." (internal citations and quotation marks omitted)).  This case lies beyond that limited grant of jurisdiction.

Second, Plaintiff says that even if this Court lacks subject-matter jurisdiction, it should still hear his case because he "know[s] of four cases heard before this [C]ourt [where the Court] did not have subject matter jurisdiction."  (ECF No. 32 at 2–3.)[2]  Even if this were true, the Court sees "no reason why [it] should be consciously wrong today [simply] because [it] was unconsciously wrong yesterday."  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 102 (2014) (Scalia, J., dissenting) (quoting *Massachusetts v. United States*, 333 U.S. 611, 639–40 (1948) (Jackson, J., dissenting)).

## IV.    CONCLUSION

Plaintiff's motion to alter or amend the judgment is therefore **DENIED**.

---

[2] For reasons not apparent to the Court, Plaintiff says that the Federal Rules of Civil Procedure bar him from citing case law.  (ECF No. 32 at 3.)  This, of course, is not true and Plaintiff is free to cite any case law from any jurisdiction he finds helpful.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:  December 21, 2023

_____

THOMAS E. JOHNSTON, CHIEF JUDGE

4